# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWYERS MUTUAL INSURANCE COMPANY, a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>GOTHAM INSURANCE COMPANY, a New York corporation,<br><br>    Defendant.<br>_____<br><br>AND RELATED COUNTERCLAIM<br>_____ | Case No.: 16CV1054-TJH (AGRx)<br><br>**PROTECTIVE ORDER** |

Having considered the stipulation of counsel and GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED as follows:

1. This Stipulated Protective Order ("Order") shall govern all documents and discovery materials produced within the context of this action.

2. "Document" as used herein shall have the broadest possible meaning and shall include, without limitation:

    a. A writing, "original", and "duplicate" as defined in Federal Rule of Evidence 1001;

/ / /

      b.     Any and all tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic copy, magnetic or electrical impulse, or other form of communication is recorded or produced;

      c.     Floppy disks, hard disks, magnetic tape and computer memory;

      d.     Written discovery responses and the contents thereof, including, without limitation, responses to interrogatories and document requests;

      e.     Deposition transcripts and their contents; and

      f.     Any physical means or medium of recording or storing information.

3.     As used herein, the term "Counsel of Record" shall mean the attorneys of record in this action who have appeared herein on behalf of a Party, their partners, associates, secretaries and paralegals, all of whom shall be bound by the provisions of this Order.

4.     As used herein, the term "Person" shall mean, in the plural as well as in the singular, any individual, corporation, firm, association, partnership, business trust, governmental body or any other legal or business entity, unless specified herein to the contrary.

5.     As used herein, the term "Party" shall mean, in the plural as well as the singular, any Person named whether by name or as a Doe Party named by substitution, and shall include the present employees of any such Party and a corporate Party's present directors and officers.

6.     As used herein, the terms "Confidential Material" shall mean and refer to information that the Designating Party reasonably believes (1) to constitute proprietary information, confidential business information, and/or trade secrets relating to its business; (2) information in which the Party or third parties have a privacy interest, or (3) to be subject to protection from disclosure under other applicable law to be identified by the Designating Party.

7.     In connection with this action, any Party to this action (hereinafter the "Designating Party") shall have the right to designate any Document, thing, material,

testimony, or other information derived therefrom, as "Confidential Material" under the terms of this Order as follows:

    a. Any Documents (including any portions thereof and any information contained therein) designated to be confidential by any Party and which has had stamped or affixed thereon the legend "CONFIDENTIAL: Subject to Protective Order U.S.D.C. C.D. Cal. Case No. 16CV1054-TJH" or simply "CONFIDENTIAL.". The legend "CONFIDENTIAL: Subject to Protective Order U.S.D.C. C.D. Cal. Case No. 16CV1054-TJH" or "CONFIDENTIAL" shall, wherever practicable, be applied to each page of the Document or other discovery material, whether paper, pdf, tiff, or other image format, in the same manner as the Bates number. In the event that a Party initially produces a Document(s) or information without designating the Documents/information as Confidential Material, and later decides to designate the Documents/information as Confidential Material, the initial production of the Documents/information (without designating as Confidential Material) shall not operate as a waiver by that Party to later designate the Documents/information as Confidential Material.

    b. "Confidential Material" produced in a manner or format that does not allow Bates numbering of individual pages (e.g., various forms of ESI, including emails, word processing documents, spreadsheets, videotape, audiotape, electronic database, etc.) may be designated as such by attaching the legend "CONFIDENTIAL: Subject to Protective Order U.S.D.C. C.D. Cal. Case No. 16CV1054-TJH" or "CONFIDENTIAL" to the outside of the storage medium or the electronic label, or in another manner that advises the recipient that the material is Confidential Material. In the event that a Party generates a copy or excerpt of any such material, such copy or excerpt must clearly be designated as Confidential Material.

    c. All deposition testimony, including oral testimony, deposition transcripts, exhibits relating to deposition testimony designated as "Confidential Material," and the information contained therein, if, during the deposition, a Party

-3-

1  designates the deposition as "Confidential Material."  In that case, the entire transcript
2  shall remain as "Confidential Material" until the Designating Party has had a chance to
3  review the transcript and designate those specific portions of the transcript and exhibits
4  referenced in that portion of the transcript as "Confidential Material," in which case the
5  transcript of the designated testimony and the related exhibits shall be bound in a
6  separate volume and marked "CONFIDENTIAL: Subject to Protective Order U.S.D.C.
7  C.D. Cal. Case No. 16CV1054-TJH" or "CONFIDENTIAL" by the reporter as the
8  Designating Party may direct.  If the Designating Party does not designate specific
9  portions of the transcript as "Confidential Material" within ten business days of its
10 counsel's receipt thereof, the transcript shall be deemed non-confidential unless the
11 Court orders otherwise.  Notwithstanding this paragraph, the designation of an exhibit
12 as "Confidential Material" because it is related to deposition testimony designated as
13 "Confidential Material" does not automatically make all copies of the exhibit
14 "Confidential Material" unless separately designated as such pursuant to ¶ 7.a.
15         d.     The contents of any Documents, deposition testimony or other
16 items designated as "Confidential Material," or any compilations, abstracts, audits or
17 summaries of said Documents or deposition testimony, whether in oral or written form;
18         e.     In addition to the above, "Confidential Material" will also include,
19 if so designated by a Party, any information or Documents obtained or produced by a
20 Party outside of the context of discovery in this action, including, without limitation,
21 information or Documents obtained or produced by a Party prior to the institution of
22 the present action.  Further, nothing in this Order shall affect the rights of any Party to
23 enforce any rights it may have regarding the confidentiality of Documents and other
24 information disclosed or transferred to another Party or Person prior to the institution
25 of the present action.
26   8.    Any Party who objects to the designation of material as Confidential
27 Material shall notify the Designating Party in writing of that objection, specify the
28 designated material to which the objection is made, and specify the objecting Party's

intended non-confidential use.  The parties shall, within 10 days of service of the written objection, meet and confer concerning the objection.  If the objection is not resolved, the objecting Party may, within 10 days of the expiration of the meet and confer period, file a noticed motion to resolve the dispute over the designation of the material and shall bear the burden of proof on the issue.  If a Party objects to more than one designation within a period of 10 days (calculated from the date of service of the first objection asserted by a particular Party within the applicable 10 day period ("10 Day Period")), the deadline for filing a noticed motion[1] shall be extended until 20 days after the end of the 10 Day Period -  so that the objecting Party shall not be required to file more than one motion in a 30 day period.  All Documents designated as Confidential Material pursuant to this Order shall remain confidential until the Court declares that the designated material is not subject to the protection of this Order for purposes of discovery.

      9.    "Confidential Material" may be disclosed only to:

          a.    The Court and its officers in this action;

          b.    Any Party, or an officer, director, or employee of a Party to the extent deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement or this action.

          c.    Experts and/or employees of a Party to the extent deemed reasonably necessary by named counsel to aid in the prosecution, defense, or settlement of this action;

          d.    Counsel of Record and the corresponding personnel of the law firms as set forth in paragraph 3;

          e.    Mediators or arbitrators who may be engaged by the Parties;

          f.    Any reinsurers, retrocessionaires, accountants, regulators, or

---

[1] The noticed motion may address any and all issues regarding all objections served by a particular Party within the 10 Day Period.

1  auditors to whom a Party has a contractual, statutory or regulatory obligation to report;

2        g.    Court reporter(s), transcribers, videographers, or stenographers,
3  who record depositions or other testimony in this litigation;

4        h.    Any deponent or witness at any depositions or other proceedings in
5  this action to the extent deemed reasonably necessary by a Party's counsel of record to
6  aid in the prosecution, defense, or settlement of this action.

7        i.    Any potential deponents or witnesses to the extent deemed
8  reasonably necessary by a Party's counsel of record to aid in the prosecution, defense,
9  or settlement of this action; and

10        j.    Any other Person(s) as to whom the parties agree in accordance
11  with the provisions of paragraph 10.

12     10.    If counsel for any Party should conclude that, for the purpose of this
13  action, such Party needs to disclose any Confidential Material or information derived
14  therefrom, to any Person not described in paragraph 9 of this Order, counsel for such
15  Party must request permission from counsel for the Designating Party in writing and
16  state the purpose of the disclosure.  If the Designating Party objects to the proposed
17  disclosure, no such disclosure shall be made unless the Court, upon motion and for
18  good cause shown, orders otherwise.  However, each Party may disclose its own
19  Confidential Material without regard to this Order unless he or it is otherwise under an
20  existing duty to another Person not to do so.

21     11.    Confidential Material shall be treated as confidential by all Persons to
22  whom such information may be disclosed and shall be used by all such Persons solely
23  for the prosecution, defense, or settlement of the claims in issue in this action or claims
24  that later become in issue in this action.

25     12.    Any Person to whom the Confidential Material will be disclosed pursuant
26  to paragraphs 9(c),(e), (f), (g),(h), (i) or (j) hereof shall first be shown and read a copy
27  of this Stipulation and shall agree in writing to be bound by its terms by signing a copy
28  of the Confidentiality Agreement attached hereto as "Exhibit A."  The counsel

obtaining the Person's signature on the Confidentiality Agreement will retain the original executed agreement. Upon termination of this action, each Party shall promptly (but in no event later than 10 days after a written request) assemble and send to the other Party copies of each executed Confidentiality Agreement.

13. If Confidential Material is inadvertently disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must promptly inform the producing Party of all pertinent facts relating to such disclosure, shall make every effort reasonably required to secure the return of such Confidential Material from any unauthorized person who has possession of it, and shall make every effort reasonably required to prevent disclosure by each unauthorized person who received such Confidential Material. This paragraph does not modify the result regarding a receiving Party's duty to return inadvertently produced Confidential Material or privileged information as provided in paragraph 14 below.

14. The inadvertent, unintentional, or in camera disclosure of Confidential Material or privileged Documents or information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality or privilege. Inadvertent failure to designate any information as "Confidential Material" pursuant to this Order shall not constitute a waiver of the right to later designate material as "Confidential Material" within a reasonable time from when the confidential nature of the material is discovered. In the case of inadvertently produced privileged and/or work product Documents, the Parties and their attorneys shall familiarize themselves with and follow the rules described by the California Supreme Court in *Rico v. Mitsubishi Motors Corp.* (2007) 42 Cal.4th 807.

15. Upon final termination of this action, unless otherwise agreed to in writing by named counsel for the Designating Party, each Party shall promptly (but in no event later than 10 days after a written request) assemble and return all Confidential Material, including all copies thereof, to the Designating Party or to such other Party which produced the Confidential Material in this action. The Party to whom such

Confidential Material is returned shall acknowledge receipt of such material in writing. This Order shall survive the final termination of this action. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

16. Where any Confidential Material or information derived therefrom, will be included in any papers filed with any Court, the Party seeking to file such papers ("Filing Party") shall, prior to the filing of Confidential Material or information derived therefrom with a court, seek permission to file such materials under seal in accordance with the Federal Rules of Civil Procedure and the Local Rules of Court.

17. If a court or administrative agency subpoenas or orders production of Confidential Material that a Party has obtained under the terms of this Order, such Party shall promptly notify the Designating Party of the pendency of the subpoena or order and shall not produce the Confidential Material until the Designating Party has had reasonable time to object or otherwise to take appropriate steps to protect the material, unless so ordered by a court or other tribunal.

18. This Order shall not prevent any of the Parties from moving the Court for an order that Confidential Material may be disclosed other than in accordance with this Order. This Order is without prejudice to the right of any Party to seek modification of it from the Court. This Order shall remain in effect until such a time as it is modified, amended, or rescinded by the Court. The Court herein shall have continuing jurisdiction to enforce, modify, amend, or rescind this Order notwithstanding the termination of this action.

DATED: November 10, 2016

_____
HON. ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

1  EXHIBIT "A"

2  CONFIDENTIALITY AGREEMENT

3    The undersigned hereby acknowledges that he/she has read and is fully familiar
4  with the terms of the Protective Order entered in the action entitled *Lawyers Mutual*
5  *Ins. Co. v. Gotham Ins. Co.*, USDC Case No. 16CV1054-TJH and hereby agrees to
6  comply with and be bound by the terms and conditions of said Order unless and until
7  modified by further order of the Court.  The undersigned hereby consents to the
8  jurisdiction of the United States District Court, Central District of California for
9  purposes of enforcing this Order.

10

11  DATED: _____, 20__            By:_____
                                            (Print Name)
12

13

14                                      _____
                                            (Signature)

-9-